### In re Keith Roy PIPES & Sherry Dee Pipes, Debtors.

### Bankruptcy No. 87–01909–C.

United States Bankruptcy Court, W.D. Missouri, C.D.

July 10, 1990.

---

See also, Bkrtcy., 78 B.R. 981.

Norman W. Lampton, Columbia, Mo., for ITT Financial Services.

Jack E. Brown, Trustee, Columbia, Mo.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

ITT Financial Services, Inc. (hereinafter ITT) filed its proof of claim in this proceeding as a secured claim. The Trustee has objected thereto. The Honorable Karen M. See, on December 13, 1989, allowed ITT 10 days to file an amended claim. This was accomplished by ITT and it is this amended, allegedly secured claim that the Trustee suggests should be allowed as unsecured.

The roots of the difference between the Trustee and ITT go back to 1963 when the Missouri legislature, in its collective and infinite wisdom, adopted the so-called dual filing system for financing statements pertaining to business property. Such a system, while in the distinct minority, requires filing both with the Secretary of State and the Recorder of Deeds of the obligor's county of business location if business property is the claimed collateral. On the other hand, if the claimed collateral is consumer goods, farm products, or farm equipment the filing is required in the county of the obligor's residence only.

■ The question then becomes how the collateral in this case is defined or characterized. The trustee asserts that the collateral herein (mechanic's tools) should be classified as business equipment. ITT says that the tools are consumer goods. Unfortunately, collateral does not spring onto or from the printed page of a security agreement with a scarlet label upon its forehead. The same items can often be a) inventory; b) business equipment; c) consumer goods; or d) farm equipment. The nature of the label to be applied depends on the use to which the equipment is put. The main factor most courts have used as the measuring rod to determine which category the item falls into has been the use to which the pledging owner reasonably makes of the item.

Consider a simple wooden stool. If that given stool is in the possession of a dealer in furniture who is trying to sell same, it would be inventory; but if that same dealer in furniture actually used the stool to sit on while he is waiting for customers or to stand on while changing light bulbs in his showroom, it would be business equipment. If the stool was in the dealer's home and he sat on it at home or stood on it to change light bulbs in the home, it would be consumer goods. Finally, if our furniture dealer were also a farmer and sat on the same to milk his cow (or goat), the stool

might conceivably be classified as farm equipment.

In the Missouri filing system, the first two examples would require dual filing of U.C.C.–1's to perfect a security interest. The latter two examples would require only a local filing (and might not require any filing if the security interest were a purchase money security interest).

 Based on the foregoing, how should we classify the tools? The schedules indicate that debtor Keith Roy Pipes was a mechanic and he and his wife operated a service station where gasoline and oil were sold and minor repairs performed. On creditor's collateral list the tools were listed and valued as follows:

"Mechanics Tools & Top/Bottom Chest Mac Tools—$5,000.00."

The Court finds that these were not the typical hand tools found at the typical residence and used to effect typical household repairs, carpentry, plumbing and all the other chores performed by typical homeowners. Instead, these were extensive and expensive hand tools used in the debtors' business of repairing motor vehicles at the debtors' place of business for financial reward. ITT asserts that this was a consumer loan and the Court finds no disagreement with that assertion. However, the fact that ITT calls the loan a consumer loan does not mean that the collateral for the loan has to be considered consumer goods. ITT's denomination of the loan does not control the classification of the collateral. The tools in question should wear the label of business equipment and not consumer goods. It was incumbent upon ITT not only to recognize the proper label at the time of the loan, but to follow the statutory requirements for perfection of their security interest in said property if they wished to achieve perfection sufficient to defeat the Trustee's position as a hypothetical, perfected lien creditor.

The Motion of ITT Financial Services to modify the Order Disallowing Claim # 7 as a secured claim is denied since ITT did not file UCC–1's with the Secretary of State to perfect a security interest in business equipment.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.