In re John J. LOCKOVICH and Clara Lockovich, Debtors.

GALLATIN NATIONAL BANK, Appellant,

v.

John J. LOCKOVICH and Clara Lockovich, Appellees.

Civ. A. No. 89–2310.
Bankruptcy No. 88–1192 PGH.
Motion No. 88–4116.

United States District Court,
W.D. Pennsylvania.

Feb. 19, 1991.

Donald R. Calaiaro, Pittsburgh, Pa., for debtors.

Charles O. Zebley, Jr., Uniontown, Pa., U.S. Trustee, Pittsburgh, Pa., appellant.

## MEMORANDUM OPINION

LEE, District Judge.

Gallatin National Bank (Gallatin) appeals the order of the United States Bankruptcy Court for the Western District of Pennsylvania denying Gallatin's Motion for Relief from Automatic Stay, and invalidating Gal-

latin's lien on property in the estate. 105 B.R. 297.

The facts at issue are not in dispute. On or about August 20, 1986, John J. Lockovich and Clara Lockovich, his wife (Debtors), purchased a 22 foot 1986 Chapparel Villian III boat from the Greene County Yacht Club for $32,500.00. Debtors paid $6,000.00 to Greene County Yacht Club and executed a "Security Agreement/Lien Contract" which set forth the purchase and finance terms. In the Contract, Debtors granted a security interest in the boat to the holder of the Contract. Gallatin paid to the Yacht Club the sum of $26,757.14 on Debtor's behalf, and the Contract was assigned to Gallatin.

■ Gallatin filed financing statements in the Greene County Prothonotary's Office and with the Secretary of the Commonwealth of Pennsylvania. Greene County was the county in which Gallatin was located, but Debtors were residents of Allegheny County. The filing of the financing statements, therefore, was ineffective to perfect the security interest in the boat.

The Debtors defaulted under the terms of the Security Agreement to Gallatin by failing to remit payments as required. Before the Gallatin could take action, Debtors filed for relief under Chapter 11 of the Bankruptcy Code. Gallatin filed a Motion for Relief from the Automatic Stay, seeking to enforce their rights pursuant to the Security Agreement.

On October 2, 1989, the Bankruptcy Court denied Gallatin's Motion for Relief from the Automatic Stay, holding that Gallatin failed to perfect its security interest in the boat and, therefore, was an unsecured creditor in the Chapter 11 bankruptcy. As a holder of an unperfected security interest, Gallatin's right to the boat was inferior to that of the debtor-in-possession, a hypothetical lienholder pursuant to 11 U.S.C. § 544. *General Electric Credit Corporation v. Nardulli & Sons, Inc.,* 836 F.2d 184, 192 (3rd Cir.1988).

The issue on appeal is whether Gallatin must file a financing statement to perfect its purchase money security interest in the boat. Gallatin's position is that the boat is a consumer good as defined by the Pennsylvania Uniform Commercial Code, 13 Pa. C.S.A. § 1101–9507 (Code). Because the boat was a consumer good subject to a purchase money security interest, Gallatin contends it was not required to file a financing statement in order to perfect its security interest. For the reasons below stated, we reverse the decision of the Bankruptcy Court and find that Gallatin has a valid security interest in the boat.

To perfect a security interest in collateral under the Code, 13 Pa.C.S.A. § 9401, a secured party must file a financing statement in the offices of the Secretary of the Commonwealth and the Prothonotary of the county in which the debtor resides. Under 13 Pa.C.S.A. § 9302, the Code permits several exceptions to the general rule depending upon the type of collateral. Section 9302(a)(4) provides as follows:

"(a) General Rule—A financing statement must be filed to perfect all security interests except the following:..... (4) a purchase money security interest in consumer goods; but filing is required for a motor vehicle required to be registered."

There are three significant problems in determining automatic perfection of purchase money interests in consumer goods. First, what is a purchase money security interest? Second, what are "consumer goods"? Third, can massive and expensive items qualify as consumer goods? See James J. White and Robert S. Summers, *Uniform Commercial Code,* West Publishing Company, Second Edition, § 23–7 (1980).

A purchase money security interest is defined as one: (1) taken or retained by the seller of the collateral to all or part of its price: or (2) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used. 13 Pa.C.S.A. § 9107. It is undisputed in the instant case that the security interest held by Gallatin was a purchase money security interest, therefore the first hurdle has been cleared.

■ Goods are divided into four classes under 13 Pa.C.S.A. § 9109(1): (1) consumer goods; (2) equipment; (3) farm products; and (4) inventory. Comment 5 to such section provides that goods not covered by one of the definitions in § 9109 are to be treated as equipment. "Goods" are defined as "consumer goods" if they are used or bought for use primarily for personal, family or household purposes. The goods are not classified according to design or intrinsic nature, but according to the use to which the owner puts them. Debtors have never maintained that the boat was used for anything other than for their personal use.

■ The question remaining for this Court is whether a $32,500.00 watercraft can be properly classified as consumer goods under § 9302. Pennsylvania's appellate courts have yet to consider such issue. Because the Pennsylvania Supreme Court has not spoken to the question, this Court must predict how the Supreme Court would resolve the above issues if presented with the specific facts of this case. A Court of Common Pleas in Erie County, Pennsylvania, however, has held that a thirty-three (33) foot motor boat is not a consumer good. *Union National Bank of Pittsburgh v. Northwest Marine, Inc.*, 27 U.C. C.Rep.Serv. 563, 62 Erie Co. L.J. 87 (1979). Though a lower court case is entitled to "some weight," it is not controlling. *Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Kenneth R. Ambrose, Inc.*, 727 F.2d 279, 283 (3rd Cir. 1983).

■ It is apparent from the opinion of the Bankruptcy Court, and from the opinion of the court in *Northwest Marine*, that those courts perceive a void in the Code which does not address the problem of secret liens on valuable motorboats. The court in *Northwest Marine* stated that this void was "best filled by interstitial lawmaking by the court" until the Legislature acts to bridge the gap. *Union National Bank of Pittsburgh v. Northwest Marine, Inc.*, 62 Erie Co.L.J. at 90.

We disagree. Determining what is a consumer good on an *ad hoc* basis leaves creditors with little or no guidelines for their conduct. Under the clear mandate of the Code, a consumer good subject to exception from the filing of financing statements is determined by the use or intended use of the good; design, size, weight, shape and cost are irrelevant. Should a millionaire decide to purchase the Queen Mary for his personal or family luxury on the high seas, under § 9109 of the Code, the great Queen is nothing but a common consumer good. There need be no debate as to cost, size or life expectancy. Creditors must be confident that when they enter into a commercial transaction, they will play by the rules as written in the Code.

The Bankruptcy Court was also persuaded by Pennsylvania's history of disfavoring secret liens. It is undisputed that the Code's exemption of consumer goods from the burden of filing breeds the emergence of secret liens on such goods. Such secret liens, however, do not imperil the commercial world. Although the security interests described in paragraph (a)(4) of § 9302 are perfected without filing, § 9307(b) provides that unless a financing statement is filed certain buyers may take free of a security interest even though perfected.[1] 13 Pa.C.S.A. § 9307(b) reads as follows:

> In the case of consumer goods, a buyer takes free of a security interest even though perfected if he buys without knowledge of the security interest, for value and for his own personal, family or household purposes unless prior to the purchase the secured party has filed a financing statement covering such goods.

This allows a secured party to file a financing statement, though one is not required for perfection, in order to insure that all buyers take subject to his security interest. At the same time, purchasers of consumer goods, who intend to maintain the characterization of such goods as consumer goods, are protected from hardships created by secret liens.

---

1. See Comment 4 to 13 Pa.C.S.A. § 9302.

The Bankruptcy Court was also interested in protecting the reasonable expectations of subsequent creditors and purchasers. As above noted, a subsequent purchaser who intends to use the goods for personal, family or household purposes is protected by § 9307(b). A subsequent purchaser with resale as its intent, such as the boat dealer in *Northwest Marine*, or a subsequent creditor, are, or should be, sophisticated in commercial dealings. They are charged with the knowledge of the contents of the Code, and should conduct themselves accordingly. A boat dealer is certainly aware when dealing with a consumer on the trade-in of a boat, that such boat could conceivably be subject to a purchase money security interest capable of perfection without filing. Likewise, a subsequent creditor is aware of the perils associated with accepting collateral which can clearly be subject to a secret lien.

Creditors, subsequent creditors and subsequent purchasers under the Code have options available to them that lend appropriate protection. To determine what protections are available to them "by interstitial law-making by the court" is more likely to defeat the intended simplification, clarification, and modernization of the law governing commercial transactions.

The court in *Northwest Marine* likened motor vehicles to motorboats. The Bankruptcy Court thought the comparison appropriate. Such finding may be appropriate, however it does not legitimately bring motorboats within the motor vehicle exception of § 9302(a)(4). Motor vehicles and motorboats are comparable in that, if held for personal use, both are classified as consumer goods under the Code. Section 9302(a)(4) specifically provides that when the consumer good is a motor vehicle, which is required to be registered, a secured creditor must file a financing statement. No such requirement is imposed for motorboats or any other consumer goods.

There are two legislative solutions to the problem. One is to explicitly require the filing of security interests in motorboats.[2] The other approach, as done in some states, is to limit the value to which the exemption applies.[3] Durable, valuable "consumer goods" upon which a creditor is likely to rely for collateral, encompasses more than motorboats or mobile homes.[4] If motorboats or other expensive items are to be excluded from the dictates of § 9302(a)(4), either via specific exemptions or a fixed ceiling price for consumer goods below which no financing statements are required, such determinations are necessarily for the Pennsylvania Legislature.

This Court, therefore, holds that Chapparel Villian III is a consumer good, and pursuant to 13 Pa.C.S.A. § 9302(a)(4) a financing statement was not required to be filed by Gallatin to perfect the security interest in the boat. Gallatin has a valid security interest in the boat and under 11 U.S.C. § 362(d), is entitled to relief from the automatic stay.

An appropriate order shall follow.

## ORDER OF COURT

AND NOW, this 19th day of February, 1991, upon consideration of the arguments of counsel and upon the briefs submitted, it is hereby

ORDERED, that the order of the United States Bankruptcy Court for the Western District of Pennsylvania, dated the 2nd day of October, 1989, is reversed. Gallatin National Bank is holding a valid security interest in the 1986 Chapparel Villian III, and,

---

**2.** California requires a filing for a "boat required to be registered." See Cal.Com.Code § 9302(1)(d). Michigan requires a filing for a "vehicle, mobile home, or watercraft for which a certificate of title is required by the laws of this state." See Mich.Comp.Laws § 440.9302(1)(d), Mich.Stat. Ann. § 19.9302(1)(d).

**3.** Kansas ($1,000.00), Maryland ($1,500.00), Colorado ($250.00) and Wisconsin ($250.00) have imposed purchase price limitations above which automatic perfection is not allowed.

**4.** See *Mayor's Jeweler's of Ft. Lauderdale, Inc. v. Levinson*, 39 Ill.App.3d 16, 349 N.E.2d 475 (1976), (a $10,000.00 diamond ring); *Commercial Credit Equipment Co. v. Carter*, 83 Wash.2d 136, 516 P.2d 767 (1973) (a $24,000.00 airplane).

therefore, Gallatin's Motion for Relief from the Automatic Stay is GRANTED.