In re Cosmo Nick FISCANTE, Debtor.

SEARS, ROEBUCK & CO., Plaintiff,

v.

INTEGRA NATIONAL BANK/PITTS-BURGH, Successor to The Union National Bank of Pittsburgh, Defendant.

Bankruptcy No. 91–173 JLC.
Adv. No. 92–30.

United States Bankruptcy Court,
W.D. Pennsylvania.

June 9, 1992.

H. Brian Peck, Laura L. DiBiase, Kincaid, McGrath & O'Keefe, P.C., Pittsburgh, Pa., for Integra Nat. Bank.

Steven T. Shreve, Stone, Glosser & Stone, Pittsburgh, Pa., for Sears, Roebuck & Co.

Kenneth Steidl, Steidl & Steinberg, Pittsburgh, Pa., for debtor.

Joseph J. Bernstein, Bernstein & Bernstein, Pittsburgh, Pa., Trustee.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Chief Judge.

The matter before this court is a motion by Sears, Roebuck & Co. ("Sears") for relief from the automatic stay and/or turnover of property. After careful review of the record and the representations made by the parties, the motion for relief is denied.

### I. FACTS

On or about May 18, 1989, Cosmo Nick Fiscante ("Debtor") purchased a lawn tractor and charged it to his personal charge account with Sears. The purchase price of the lawn tractor was $1,481.81. The lawn tractor was subsequently delivered to the Debtor's place of business, Trackers Raceway Park, Inc. ("Trackers"), 640 Evans City Road, Butler, Pennsylvania. The tractor was used exclusively at the Debtor's place of business and was never used at the Debtor's personal residence.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 21, 1991. Listed on the Debtor's individual petition (Debtor's Schedule A–3, Creditors Having Unsecured Claims Without Priority) is the debt to Sears arising out of his purchase, among other things, of a lawn tractor. The Debtor also listed Sears as a creditor on his petition, based on the lawn tractor purchase.

On March 31, 1991, the Debtor's business, Trackers, filed a petition for relief under Chapter 7 of the Bankruptcy Code. In its Schedule B–2, Personal Property, Trackers listed a "garden tractor" as an asset of the corporation. This "garden tractor" is the same lawn tractor listed on the Debtor's petition and schedules.

On May 30, 1991, the court entered an Order requiring the Debtor to state his intention regarding the lawn tractor. On July 26, 1991, the court ordered the Chapter 7 Trustee, Joseph J. Bernstein, Esquire, to abandon the property which Integra National Bank/Pittsburgh, successor to Union National Bank of Pittsburgh ("Integra") had a security interest in, including inventory, machinery, tools, fixtures, equipment, and other personal property owned by Cosmo Fiscante located at the business premises. Integra had previously been granted relief from the automatic stay as to the real property on which Trackers was located. Integra sold the real property and all the assets located at the business premises.

On October 22, 1991, Sears was granted relief from the automatic stay regarding the lawn tractor. On or about January 15, 1992, Sears filed a Motion for Relief from the Automatic Stay and/or Turnover of Property. A hearing was held on this matter on March 17, 1992, at which time the court ordered the parties to submit briefs and took the matter under advisement.

## II. ANALYSIS

The primary issue before this court is whether the lawn tractor purchased by the

Debtor from Sears is a consumer good within the 13 Pa.C.S.A. § 9302(a)(4) exception.[1] Pennsylvania's Commercial Code ("UCC") generally requires the filing of a financing statement to perfect the lien of a purchase money security interest. 13 Pa. C.S.A. § 9302(a). A secured party must file the financing statement in the offices of the Secretary of the Commonwealth and the Prothonotary of the county in which the debtor resides. 13 Pa.C.S.A. § 9401. Section 9302(a)(4) of the UCC, however, states an exception to the general rule which provides that it is not necessary to file a financing statement to perfect a purchase money security interest in consumer goods. Therefore, in order for Sears to have a perfected interest in the lawn tractor, it must demonstrate that it obtained a purchase money security interest and that the tractor qualifies as a consumer good.

13 Pa.C.S.A. § 9107 states:

A security interest is a 'purchase money security interest' to the extent that it is:

(1) taken or retained by the seller of the collateral to secure all or part of its price; or

(2) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used.

The parties do not dispute that if the lawn tractor is a "consumer good," Sears has a perfected purchase money security interest. In fact, Integra does not dispute the fact that Sears intended to retain a purchase money security interest in the lawn tractor. However, the question remains as to whether the lawn tractor was a "consumer good" for the purposes of automatic perfection.

A consumer good is defined under 13 Pa.C.S.A. § 9109(1) as a good which is "used or bought for use primarily for personal, family or household purposes." Goods are not classified according to their

1. 13 Pa.C.S.A. § 9302:

(a) **General Rule.**—A *financing statement must be filed to perfect all security interests except the following:*

(4) *a purchase money security interest in consumer goods;* but filing is required for a motor vehicle required to be registered; and fixture filing is required for priority over conflicting interests in fixtures to the extent provided in section 9313; (emphasis added).

design or intrinsic nature, but according to the use to which the owner puts them. *In re Lockovich*, 124 B.R. 660 (W.D.Pa.1991). "... [T]he fact that [the creditor] calls the loan a consumer loan does not mean that the collateral for the loan has to be considered consumer goods. [The creditor's] denomination of the loan does not control the classification of the collateral." *In re Pipes*, 116 B.R. 154, 156 (Bkrtcy.W.D.Mo. 1990).

■ Sears asserts that since the Debtor used his personal charge account to purchase the lawn tractor, he agreed in the loan application that the lawn tractor would be used for personal or household purposes. Moreover, the fact that the Debtor listed Sears as a creditor on his individual bankruptcy petition is further evidence that the lawn tractor should be classified as a consumer good.

Sears relies on the case of *In re Pettit*, 18 B.R. 8 (Bankr.E.D.Ark.1981) for the proposition that a buyer's statement in the security agreement that he was purchasing goods for personal use made the goods "consumer goods." In *In re Pettit*, the debtor purchased goods for use in his rental business. The debtor signed a statement saying the goods were to be used for personal, family, or household purposes and never told the seller that they were to be used for other purposes. The court found the security interest of the seller to be a purchase money security interest in consumer goods and therefore perfected without the filing of any financial statements.

*In re Pettit* involved an "express and unambiguous representation ... by the debtor that the purpose for which the goods were being purchased was that of personal and household use." *Id.* at 10. In fact, the court in that case stated "[A] different result might be warranted, as it certainly would if there were a stipulation or evidence that the defendant informed, or attempted to inform, the plaintiff that the merchandise purchased was to be used as equipment for his rental property." (emphasis added). *Id.* at 11. The court found the plaintiff in that case has no reason to believe the goods would be used for any other purpose than personal.

In the case at bar, it is apparent that Sears knew or had reason to know that the lawn tractor would be used for business purposes only. The Debtor stated at the § 341 Meeting of Creditors that he and his associate wanted to have a charge account at his business address. The Debtor explained that, "We wanted to originally put it in the business name because we were just starting the corporation. However, they [Sears] did the paper work, I cannot remember, but that's explicitly how they wanted to do it." (Integra's Exhibit A, p. 4). Sears did not dispute this assertion in its pleadings or briefs. Essentially, at the time the lawn tractor was purchased, the Debtor told Sears what the lawn tractor was for. Sears took it upon themselves to classify the transaction as personal, although it knew or should have known it was for a business.

As Sears correctly noted in its brief, the relevant inquiry is whether goods are "used or bought for" household purposes. The lawn tractor was purchased for the Debtor's business. The fact that Sears required the Debtor to use his personal charge card for the transaction and decided to classify the loan application as personal does not "make" business equipment become consumer goods.

■ Many goods, depending on how they are used, can be (a) inventory; (b) business equipment; (c) consumer goods; or (d) farm equipment. As the court in *In re Pipes* stated, "[T]he nature of the label to be applied depends on the use to which the equipment is put. The main factor most courts have used as a measuring rod to determine the category the item falls into has been the use to which the pledging owner reasonably makes of the item." *In re Pipes*, 116 B.R. 154, 155 (Bkrtcy. W.D.Pa.1990). The court found it incumbent on the creditor "[n]ot only to recognize the proper label at the time of the loan, but to follow the statutory requirements properly...." *Id.* Consequently, the court in *Pipes* established a burden of inquiry that all creditors must meet. If a creditor fails to make such an inquiry and assumes what its product's use will be, it does so at its own risk.

306

In the instant case, Sears had the burden of inquiry. The facts establish that Sears knew or should have known the "proper label" to give the tractor at the time it extended credit to the Debtor. *In re Pipes* establishes that Sears cannot unilaterally decide how it believes its products should be classified.

CONCLUSION

Having found the lawn tractor is not a consumer good under 13 Pa.C.S.A. § 9302(a)(4), the court concludes that Sears does not have a perfected purchase money security interest because it failed to file a financing statement. Accordingly, Sears' Motion for Relief from the Automatic Stay and/or Turnover of Property is denied.